AO 245D (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocations

Released back to supervision. 12/16/09

# United States District Court

**District of Minnesota**

UNITED STATES OF AMERICA
v.
**Carlos Darrell Dickerson**

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Supervised Release)
Case Number: **02-83 (1) (MJD)**
USM Number: **10364-041**
Social Security Number: **7252**
Date of Birth: **1978**

**Manny Atwal**
Defendant's Attorney

2005 DEC 20 A 10: 09
RECEIVED U.S. MARSHAL MN

06 JAN - PM 2:27
CLERK, US DIST COURT MINNEAPOLIS, MN
RECEIVED

2005 DEC 21 A 10: 09
RECEIVED US MARSHALS SERVICE MPLS MN

**THE DEFENDANT:**

[X] admitted guilt to violation of condition(s): **Mandatory Condition #1 and Special Condition #8** of the term of supervision.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| Mandatory Condition #1 | While on supervised release, the defendant shall not commit any federal, state or local crimes. The defendant shall not possess a controlled substance. | November 25, 2005 |
| Special Condition # 8 | The defendant shall reside for a period of up to 120 days in a community corrections center as approved by the probation officer and shall observe the rules of that facility. | November 23, 2005 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

**December 16, 2005**
Date of Imposition of Judgment

s/Michael J. Davis
Signature of Judge

**MICHAEL J. DAVIS**, United States District Judge
Name & Title of Judge

December 19, 2005
Date

A true printed copy in 4 sheet(s) of the electronic record filed on 12-19-05 in the United States District Court for the District of Minnesota.
CERTIFIED, 12-19, 2005.
RICHARD D. SLETTEN
BY: [signature]
Deputy Clerk

SCANNED JAN 10 2006 U.S. DISTRICT COURT

DEFENDANT: CARLOS DARRELL DICKERSON
CASE NUMBER: 02-83 (1) (MJD)

# SUPERVISED RELEASE

The defendant is hereby sentenced to Supervised Release **until termination of original sentence**. This sentence is to run concurrent with any and all other sentences imposed on the defendant whether state, local or federal.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL SUPERVISED RELEASE TERMS

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide all mandatory and standard conditions of Supervised Release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d All original conditions are still in effect.

e The defendant shall serve up to 6 months on home detention.

f The defendant shall be on electronic monitoring while on home detention. The costs of electronic monitoring are waived.

g The defendant shall participate in and successfully complete anger management classes as approved the probation officer.

h The defendant shall participate in and successfully complete a alcohol and drug treatment program as approved by the probation officer.

i The defendant shall participate in and successfully complete family and parenting classes as approved by the probation officer.

j While on home detention, the defendant is granted privileges for work, anger management classes, alcohol and drug abuse treatment, family and parenting classes, religious services, doctor appointments for his significant other and the birth of his child.

k The defendant is to have a job that can provide paychecks and paycheck stubs for the life of his Supervised Release term.

AO 245D (Rev. 12/03) Sheet 5 - Criminal Monetary Penalties

DEFENDANT: CARLOS DARRELL DICKERSON
CASE NUMBER: 02-83 (1) (MJD)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | 100.00 | | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18,for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [X] Lump sum payment of **$100.00** due immediately, balance due

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7)penalties, and (8) costs, including costs of prosecution and court costs.